**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4982**

_____

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

YONEL ASTELLO-POSADA, a/k/a Johnny B, a/k/a Spike,

> Defendant - Appellant.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.  Richard L.
Voorhees, District Judge.  (5:08-cr-00010-RLV-DSC-5)

_____

Submitted:  January 25, 2011        Decided:  February 10, 2011

_____

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Tony E. Rollman, Asheville, North Carolina, for Appellant. Amy
Elizabeth Ray, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yonel Astello-Posada was convicted by a jury of one count of conspiracy to possess with intent to distribute cocaine and methamphetamine, in violation of 21 U.S.C. § 846 (2006). He was sentenced to 188 months' imprisonment. Astello-Posada's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but questioning whether the district court erred in enhancing Astello-Posada's offense level by two levels for obstruction of justice, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2008). Astello-Posada was advised of his right to file a pro se supplemental brief but did not do so. We affirm.

According to USSG § 3C1.1, a defendant's base offense level is to be increased two levels for obstruction of justice if

> the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to (i) the defendant's offense of conviction[.]

USSG § 3C1.1. The application notes for § 3C1.1 specifically include the commission of perjury by defendant as grounds for the enhancement. USSG § 3C1.1 cmt. n.4(b). For purposes of § 3C1.1, the Supreme Court has defined perjury in the following

2

manner: "[a] witness testifying under oath or affirmation" and "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993).

After a thorough review of the record, we find there was substantial evidence that Astello-Posada gave false testimony on a material matter — whether he withdrew his consent to the search of his residence — and there is no evidence that the false testimony was the result of confusion, mistake, or faulty memory. Therefore, we hold that the district court's enhancement for obstruction of justice was not in error.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Astello-Posada's conviction and 188-month sentence. This court requires that counsel inform Astello-Posada, in writing, of his right to petition the Supreme Court of the United States for further review. If Astello-Posada requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Astello-Posada. We dispense with oral argument because the facts and legal conclusions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED